Case 4:02-md-01446  Document 16   Filed in TXSD on 07/19/02   Page 1 of 13

United States Courts
Southern District of Texas
ENTERED

JUL 19 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA Litigation | § § § § | MDL-1446 |
| THIS DOCUMENT RELATES TO: G-02-084 | § § § § | |
| MARK NEWBY, ET AL., Plaintiffs VS. ENRON CORPORATION, ET AL., Defendants | § § § § § § § § § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| AMERICAN NATIONAL INSURANCE COMPANY, AMERICAN NATIONAL INVESTMENT ACCOUNTS, INC., SM&R INVESTMENTS, INC., AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, FARM FAMILY LIFE INSURANCE COMPANY, FARM FAMILY LIFE INSURANCE COMPANY, FARM FAMILY CASUALTY INSURANCE COMPANY, AND NATIONAL WESTERN LIFE INSURANCE COMPANY, Plaintiffs VS. ARTHUR ANDERSEN, L.L.P., D. STEPHEN GODDARD, JR., DAVID DUNCAN, KENNETH L. LAY, JEFFREY K. SKILLING, ANDREW S. FASTOW, RICHARD A. CAUSEY, RICHARD B. BUY, MICHAEL J. KOPPER, ROBERT K. JAEDICKE, RONNIE C. CHAN, JOE C. FOY, JOHN WAKEMAN, WENDY L. GRAMM, BRUCE G. WILSON, JOHN MENDELSOHN, PAULO V. FERRAZ PEREIRA, ROBERT A. BELFER, NORMAN P. BLAKE, JR., JOHN H. DUNCAN, CHARLES A. LEMAISTRE, FRANK SAVAGE, HERBERT S. WINOKUR, JR., KEN L. HARRISON, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. G-02-0084 |

REBECCA MARK-JUSBASCHE, JEROME §
J. MEYER, JOHN A. URQUHART, AND §
CHARLES E. WALKER, §
§
§
Defendants §

## MEMORANDUM AND ORDER OF REMAND

Pending before the Court in the above referenced action, alleging violations of the Texas Securities Act (a/k/a "the Texas Blue Sky Laws"), Tex. Rev. Civ. Stat. Ann. art. 581-33, and Tex. Bus. & Comm. Code Ann, § 27.01 ("Fraud in Real Estate and Stock Transactions"), as amended, common law fraud, conspiracy, and negligence, are Plaintiffs American National Insurance Company, American National Investment Accounts, Inc., SM&R Investments, Inc., American National Property and Casualty Company, Standard Life and Accident Insurance Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company's motion to remand (#5 in G-02-84) this case to the 56th Judicial District Court of Galveston County, Texas, objection to consolidation (#363 in H-01-3624), and supplement to their motion to remand (#416 in H-01-3624).

This suit was removed to the United States District Court, Galveston Division, Southern District of Texas by Defendant Arthur Andersen, L.L.P. ("Andersen"), and subsequently consolidated into Newby, now pending before the undersigned judge in the Houston Division.

In both their motion to remand and their reply to Defendants' responses, Plaintiffs requested that the Court remand this action because (1) the Court lacks subject matter jurisdiction over it and (2) because the removal was procedurally

defective because Andersen has not demonstrated that every Defendant that was served has consented to the removal. Instead Andersen stated only that its attorney spoke with and obtained consent of those defendants that had been served, but fails to identify which parties or when. Plaintiffs also charged Andersen with "turn[ing] the supplemental statute on its head by arguing that 28 U.S.C. §§ 1441 and 1367 allow removal of state law claims even when no federal claims are alleged by Plaintiffs," but only by other plaintiffs in other suits, and with frivolously claiming preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227, codified as amended in part at 15 U.S.C. §§ 77p and 78bb(f) when this suit does not qualify as a "covered class action" under the statute. Plaintiffs emphasized that they are composed of only eight entities that do not seek damages on behalf of others similarly situated and that the instant suit was not consolidated by the state court with any other state court securities actions. Plaintiffs' objection to consolidation of this action with Newby rests upon their assertion of state-law claims in contrast to Newby plaintiffs' allegations of federal law violations. They have requested the Court to order a separate proceeding for all plaintiffs alleging state law claims.

In its notice of removal and subsequently in its opposition (#333) to the motion to remand, Andersen represented that the suit was removable under SLUSA. Alternatively Andersen insisted that it was removable because it falls within this

Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) (". . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution") and § 1441, since the claims in the removed suit are so related to the claims in <u>Newby</u> that they form part of the same case or controversy. Andersen contended that § 1367(a) applies to cases originally filed in federal court and to removed cases since a removed case is necessarily one over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a) (" . . . [A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the interest of justice or for the convenience of the parties."); <u>Chicago v. International College of Surgeons</u>, 118 S. Ct. 523, 529-30 (1994). Andersen maintained that this action is a "covered class action" when viewed as consolidated with other similar Enron-related suits in state court and with the cases in <u>Newby</u>, since they all arise out of the same nucleus of operative facts, i.e., securities claims against Enron officials and auditors, and thus this relationship satisfies the SLUSA requirement for a "covered class action." 15 U.S.C. § 77p(f)(2)(A), 78bb(f)(5)(B).

Moreover, Andersen argued that § 78bb(f)(5)(F)'s provision, "Nothing in this paragraph shall be construed to affect the discretion of a State court in determining whether actions filed in state court should be joined, consolidated, or otherwise allowed to proceed as a single action," is inapplicable because under Texas law, judges have no discretion whether to consolidate cases under such circumstances as here. Specifically, Tex. R. Jud. Admin. 11.4(h) mandates, "The presiding judge <u>must</u> grant the motion or request if the judge determines that: (1) the case involves material questions of fact and law common to a case in another court and county; and (2) assignment of a pretrial judge would promote the just and efficient conduct of the cases. Otherwise, the presiding judge must deny the motion or request. [emphasis added]." Furthermore, the refusal to grant consolidation is subject to mandamus review by the Texas Supreme Court. Tex. R. Jud. Admin. 11.5. Therefore, Andersen asserted, Defendants had a right to consolidate all these actions before a single state court judge and "actions subject to this right of consolidation are, for all practical purposes, 'pending in the same court' for the purposes" of SLUSA's definition of "covered class action" in 15 U.S.C. § 78bb(f)(5)(B)(ii). Andersen argued that the instant action "would have been consolidated with other Enron-related cases in Harris and surrounding counties . . . " and that "[f]orcing the defendants to return to state court to consolidate actions arising from Enron's financial difficulties

would be an empty formality because defendants have a right to consolidate under Texas law."

As for the alleged procedural defect relating to consent, Andersen emphasized that its attorney stated in pleadings in the record not only that it had spoken with counsel for all defendants served in this suit, but also that these attorneys "have authorized the undersigned to declare their consent to this removal. By his signature, the undersigned hereby consents to removal on behalf of all served defendants." Such a written statement satisfies the Fifth Circuit's requirement for consents to removal: "[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and having the authority to do so, that it has actually consented to such action." Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); see also McCrary v. Kansas City Souther R.R., 121 F. Supp.2d 566, 570 (E.D. 2000)("Simply put, a defendant who has not been properly served need not consent to the notice of removal [italics in original].").

Defendant D. Stephen Goddard, Jr., who was a managing partner at Andersen, also opposed the motion to remand and affirmed his consent to the removal. Instruments #332, 347 (duplicatively filed).

Defendant bears the burden of demonstrating that the federal jurisdictional requirements for removal asserted here have been satisfied. Manguno v. Prudential Property and Casualty Co.,

276 F.3d 720, 723 (5th Cir. 2002). Moreover, a party opposing a motion to remand bears the burden of demonstrating federal subject matter jurisdiction. Green v. Ameritrade, 279 F.3d 590, 596 (8th Cir. 2002)(SLUSA issue). Defendant also bears the burden of demonstrating that the removal was procedurally proper. Manguno, 276 F.3d at 723. "[A]ny ambiguities [in the state court petition] are construed against removal because the removal statute should be strictly construed in favor of remand." Id., citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).

This Court agrees with Plaintiffs that Andersen's supplemental jurisdiction argument has the proverbial "cart before the horse." There can be no supplemental jurisdiction without the existence initially of original federal subject matter jurisdiction over at least some of the claims in the same suit, at the point it is either filed in or removed to federal court. There is no diversity jurisdiction here and, under the well-pleaded complaint rule and SLUSA's definitions of its scope, no federal question jurisdiction was created by Plaintiff's original state-law petition, since it is not a "covered class action" and no consolidation with any other state-court, Enron-related securities suits was requested of nor ordered by the state court. Thus this Court has no jurisdiction over G-02-84.

SLUSA states in part that "no covered class action based upon the statutory or common law of an State or subdivision thereof may be maintained in any State or Federal court by any private party alleging . . . an untrue statement or omission of a

material fact in connection with the purchase or sale of a covered security . . . ." Plaintiffs assert claims under Texas statutes and common law. Generally federal jurisdiction exists only if the federal question is facially evident in the plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (5th Cir. 2001). Moreover, a plaintiff is master of his complaint and may choose the law, on which he wishes to rely to avoid removal to federal court. Carpenter v. Wichita Falls Indep. School Dist., 44 F.3d 362, 366 (5th Cir. 1995).

As a narrow exception to the well pleaded complaint rule, the artful pleading doctrine, applies where federal law completely preempts the field and prevents a plaintiff from precluding removal by failing to plead necessary federal questions. Id.; Waste Control Specialists, LLC v. Envirocare of Texas, Inc., 199 F.3d 781, 783 (5th Cir. 2000), citing Rivet v. Regions Bank of La., 522 U.S. 470 (1998)("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim. . . . Although federal preemption is ordinarily a defense, once the area of state law has been completely considered, any claim purportedly based on the pre-empted state law is considered from its inception, a federal claim and therefore arises under federal law."). Thus Defendants bear the burden of demonstrating that a federal right is an essential element of Plaintiffs' claims and that Congress intended SLUSA to preempt Plaintiffs' claims.

Federal law may preempt state law in any of three ways: (1) Congress may expressly define the extent to which it intends to preempt state law; (2) Congress may indicate an intent to occupy an entire field of regulation; or (3) Congress may preempt a state law that conflicts with federal law even when it has not expressly preempted the state law nor indicated an intent to occupy the field. New Orleans Public Service, Inc. v. Council of City of New Orleans, 911 F.2d 993, 9998 (5th Cir. 1990)(citing Michigan Canners and Freezers Assoc. v. Agricultural Marketing and Bargaining Board, 467 U.S. 461, 469 (1984)), cert. dismissed, 502 U.S. 954 (1991).

Congress has enacted several federal statutes in the past few years to attempt to establish uniformity in the securities markets. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z-1, 78u, which amended the 1933 Securities Act and the 1934 Securities Exchange Act, set out heightened pleading requirements[1] and for complaints under Rule 10b-5, mandated pleading of specific facts creating a strong inference of scienter for private class actions and other suits alleging securities fraud in an effort to minimize meritless lawsuits. 15 U.S.C. § 78 et seq. H. Conf. Rep. No. 105-803 (1998). When, as a result, plaintiffs began filing in state rather than federal court, asserting claims under state statutory

---

[1] The PSLRA requires plaintiffs to plead with particularity any alleged misrepresentations, misleading statements or omissions, including the reasons why plaintiffs think there was an omission or which statements were misleading and why.

or common law to avoid the PSLRA's stringent procedural and pleading hoops, Congress passed SLUSA in 1998 to close the loophole. 144 Cong. Rec. H10771 (daily ed. Oct. 13, 1998, 1998 WL 712049). SLUSA in essence made federal court the exclusive venue for securities fraud class actions meeting its definitions and ensured they would be governed exclusively by federal law. 15 U.S.C. § 77p(b)-(c). Congress' purpose in enacting the statute was to "'prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State court, rather than Federal court.'" Korsinsky v. Salomon Smith Barney, Inc., No. 01 6085(SWK), 2002 WL 27775, *3 (S.D.N.Y. 2002) quoting H.R. Conf. Rep. No. 105-803 (1998). Moreover, the Court observes that the same report indicates that in SLUSA Congress did not evidence an intent to occupy the entire field of securities regulation, but expressly delineated the scope of preemption:

> [I]n order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

H.R. Conf. Rep. 105-803, *2.

With respect to removal, the plain language of SLUSA, 15 U.S.C. § 77p(c), reveals Congress' intent to preempt a specific category of state-law class actions, which it defines as follows:

"Any covered class action brought in any State Court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending . . . ." Title 15 U.S.C. § 78bb(f)(5)(B) defines a "covered class action" as

> (i) any single lawsuit in which--
> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominated over any question affecting only individual persons or members or
> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or
> (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which--
> (I) damages are sought on behalf of more than 50 persons; and
> (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 78bb(f)(5)(B).

SLUSA provides for mandatory removal and dismissal of a specific kind of class action:

> (f) LIMITATIONS ON REMEDIES.--
> (1) CLASS ACTION LIMITATIONS.--No covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
> (2) REMOVAL OF COVERED CLASS ACTIONS.--Any covered class action brought in an State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(1)(A),(B) & (2). Thus SLUSA authorizes the removal of all private actions that are actually traditional securities claims that fall within its ambit to be removable to federal court and makes the state law claims subject to dismissal. 15 U.S.C. § 78bb(f)(1)-(2). Korsinsky, No. 01 6085(SWK), 2002 WL 27775 at *3; Hardy v. Merrill Lynch, No. 01 Civ. 5973(NRB), 2001 WL 1524471, *2 (S.D.N.Y. Nov. 30, 2001).

To defeat a motion to remand for improper removal under SLUSA, Defendants must show that (1) the action is a "covered class action" under SLUSA; (2) that the causes of action on their face are based on state statutory or common law; (3) that it involves a "covered security" under SLUSA; (4) that it alleges Defendants have misrepresented or omitted material facts; and (5) that the alleged misrepresentation or omission was made "in connection with" the purchase or sale of the covered security. Korsinsky, 2002 WL 27775, *3; Hardy, 2001 WL 1524471 at *3.

The Court concludes that Plaintiffs' petition in G-02-84 was not brought on behalf of any other similarly situated plaintiffs, no less "fifty persons or prospective class members," was not consolidated by the state court judge with any other Enron

securities state court suits, and is thus not a "covered class action" under SLUSA, and that Defendants have failed to show otherwise. Moreover, because Defendants have failed to show that there was any other basis for federal subject matter jurisdiction at the time of removal, the removal was improper.[2] Accordingly, the Court

ORDERS that Plaintiffs' motion to remand is GRANTED, that G-02-84 is hereby SEVERED from H-01-3624, and that G-02-84 is REMANDED to the 56th Judicial District Court of Galveston County, Texas, where it was filed under No. 01CV1218.

SIGNED at Houston, Texas, this 19th day of July, 2002.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] This Court distinguishes between the facts surrounding this case and those in other member cases filed by Sean Jez and his firm, Fleming & Associates, L.L.P. Mr. Jez had admitted in open court that his firm has over 700 clients asserting claims that fall within the ambit of the Newby securities violation claims, but that he has filed nonrepresentative suits in counties around Texas for less than fifty plaintiffs in a deliberate attempt to circumvent SLUSA. The Court has found this activity a substantial threat to this Court's efforts to ensure orderly progress of this litigation and to avoid unwarranted duplication of discovery and motion practice in Multi District Litigation 1446 and has enjoined him and his firm from continuing in this manner. Instruments #296, 577. The issues are currently on appeal.