IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL DOCKET NO. 1446 |
| MARK NEWBY, ET AL.<br>v.<br>ENRON CORP., ET AL. | CONSOLIDATED LEAD NO. H-01-3624 |
| **THIS DOCUMENT RELATES TO:** | |
| DAVID JOSE, ET AL.<br>v.<br>ARTHUR ANDERSEN, L.L.P., ET AL. | C.A. NO. H-03-1087 |
| RICHARD CHOUCROUN, ET AL.<br>v.<br>ARTHUR ANDERSEN, L.L.P., ET AL. | C.A. NO. H-03-3320 |
| MARY BAIN PEARSON AND JOHN MASON<br>v.<br>ANDREW S. FASTOW, ET AL. | C.A. NO. H-03-5332 |
| FRED AND MARIAN ROSEN, ET AL.<br>v.<br>ANDREW S. FASTOW, ET AL. | C.A. NO. H-03-5333 |

| | | |
|---|---|---|
| HAROLD AND FRANCES AHLICH, ET AL.<br><br>v.<br><br>ANDREW S. FASTOW, ET AL. | §<br>§<br>§<br>§<br>§<br>§ | C.A. NO. H-03-5334 |
| RUBEN AND IRENE DELGADO, ET AL.<br><br>v.<br><br>ANDREW S. FASTOW, ET AL. | §<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. H-03-5335 |
| DON L. GUY, TRUSTEE FOR THE<br>GUY FAMILY LIVING TRUST, ET AL.<br><br>v.<br><br>ARTHUR ANDERSEN, L.L.P., ET AL. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. H-04-3330 |
| CYNTHIA L. ADAMS, ET AL.<br><br>v.<br><br>ARTHUR ANDERSEN, L.L.P., ET AL. | §<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. H-04-3331 |
| JANE BULLOCK, ET AL.,<br><br>v.<br><br>ARTHUR ANDERSEN, L.L.P., ET AL., | §<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. H-04-4455 |

**F&A PLAINTIFFS' MOTION FOR CLARIFICATION**
**OF THE COURT'S SCHEDULING ORDER**
**AS IT PERTAINS TO PRIVATE ACTION PLAINTIFFS**

TO THE HONORABLE JUDGE MELINDA HARMON:

COME NOW F&A Plaintiffs and file this their motion requesting clarification of the Court's Scheduling Order and amendments thereto as they pertain to those cases consolidated,

related to, and/or coordinated (also known as the Private Action Plaintiffs). In support thereof, Plaintiffs show as follows:

## I. INTRODUCTION

Upon reading this Court's Scheduling Orders, Plaintiffs are unclear whether they must designate their expert witnesses and provide comprehensive reports of their experts' opinions on or before January 3, 2006 as the *Newby* and *Tittle* Plaintiffs are required to file. Plaintiffs seek clarification from this Court as to whether the Court is requiring that Private Action Plaintiffs designate expert witnesses and produce reports at that time although they are not proceeding under the *Newby* and *Tittle* consolidated complaints.

## II. BACKGROUND

On July 11, 2003, this Court entered its Scheduling Order ("Original Scheduling Order") for the purpose of establishing a discovery process that would allow orderly, efficient, focused and observant preservation of the rights of all litigants to investigate the facts relevant to their claims. In that Scheduling Order this Court established deadlines for discovery with regard to fact and expert discovery in addition to establishing deadlines for motions and responses for class certification, motions and responses to summary judgments, and setting the *Newby* and *Tittle* matters for trial. In the Court's original Scheduling Order, this Court identified two specific groups of litigants and deadlines with regard to those litigants.

On page three of the Original Scheduling Order under Section I this Court set forth procedures for "Consolidated/Related/Coordinated Cases (those not currently proceeding under the controlling *Newby* and *Tittle* consolidated complaints)" which have come to be known as the Private Action Plaintiffs. In that portion of the Original Scheduling Order, this Court stayed all suits that have not agreed to proceed under the *Newby* or *Tittle* consolidated amended complaints

with regard to filing of amended pleadings and/or responsive pleadings until a ruling or the motions for class certification in *Newby* and *Tittle*. However, discovery was allowed to proceed. The Court further stated that discovery shall proceed in accord with the schedule established for the *Newby* and *Tittle* actions.

In Section II of the Court's Original Scheduling Order entitled "*Newby* and *Tittle*", the Court set forth the various deadlines upon which the *Newby* and *Tittle* consolidated Plaintiffs would abide. With regard to the *Newby* and *Tittle* Consolidated Plaintiffs, this Court set a deadline for fact discovery and expert witness designations, among other deadlines. Finally, this Court set the *Newby* and *Tittle* trials to begin on October 17, 2005 at 9:00 a.m.

On March 11, 2004, this Court entered a revised Scheduling Order ("Revised Scheduling Order") wherein new deadlines were established for the joining of new parties, fact discovery deadlines, expert witness designations, motions for summary judgment and resetting the *Newby* and *Tittle* trials to begin on October 16, 2006 at 9:00 a.m. These revisions were the result of the original *Newby* and *Tittle* actions' expansion and augmentation with the addition of new actions and new parties. In the final paragraph of the Court's Revised Scheduling Order, the Court stated "As to consolidated, related and coordinated cases not currently pending under the controlling *Newby* and *Tittle* consolidated complaints [a/k/a Private Action Plaintiffs], the Court's ruling in Part I of the Original Scheduling Order will govern the schedule for those cases." This last paragraph again reaffirms the separate and distinct groups of litigants this Court has established with regard to the non-*Newby* and *Tittle* claims. One group is "the consolidated and coordinated actions" which are proceeding under the *Newby* and *Tittle* consolidated complaints. The second group is the "consolidated, related and coordinated cases" [a/k/a Private

Plaintiff Actions] which must follow Part I of the Court's Original Scheduling Order. Herein, the confusion lies.

## III. THE EXPERT DEADLINE CREATES CONFUSION

The final paragraph of this Court's Revised Scheduling Order gives Plaintiffs pause as to whether they are required to provide expert designations and reports. Had this Court meant the deadlines delineated in its Revised Scheduling Order to apply to the Private Action Plaintiffs, this Court would have not believed it necessary to include the final paragraph of its Revised Scheduling Order.[1] As such, it appears this Court only meant fact discovery to proceed with regard to the Private Action Plaintiffs.

It also would seem logical that the Private Action Plaintiffs are not required to designate expert witnesses and reports at this time since a trial date has not been set with regard to the Private Action Plaintiffs nor have the Private Action Plaintiffs been required to state whether they will proceed independently with their petitions or adopt the *Newby* and *Tittle* complaints. Plaintiffs are unaware whether this Court intended to require Private Action Plaintiffs to conduct fact discovery, as well as expert witness discovery also. The purpose of including all cases related to the Enron debacle was to streamline fact discovery and prevent the numerous parties and Defendants from having to conduct duplicative fact discovery. Expert discovery, on the other hand, is much more specialized as to each party and their claims. In fact, requiring Private Action Plaintiffs to designate experts and provide reports in essence requires them to make an election as to whether they will proceed under the *Newby* and/or *Tittle* consolidated complaints.

Further, it does not make sense for the Private Actions Plaintiffs to designate experts at this time. Several issues arise with requiring Plaintiffs to designate expert witnesses by

---

[1] As this Court is aware, its February 28, 2005 order clarified confusion regarding the addition of additional party deadlines as established by the Revised Scheduling Order.

January 3, 2006. First and foremost, Defendants have not been required to file answers to Plaintiffs' petitions.[2] As such, this makes it difficult for Plaintiffs to provide a comprehensive expert report detailing their experts' opinions because Plaintiffs cannot anticipate what defenses Defendants may assert to their petitions, nor can Plaintiffs anticipate any affirmative defenses that may ultimately be relied upon by Defendants. Therefore, at the time that Defendants file their answers, Plaintiffs will be required to produce additional expert reports and/or designate additional expert witnesses. Second, because of the stay imposed upon the Private Party Action Plaintiffs, Plaintiffs in these matters have not been allowed to amend their petitions to add additional parties. Specifically, Plaintiffs contemplate adding numerous financial institutions as Defendants to their petitions once the stay has been lifted. The result of adding these additional Defendants will require the designation of additional expert witnesses and the production of additional comprehensive reports. Moreover, once the stay is lifted, Plaintiffs may desire to amend their petitions to plead additional causes of actions against current defendants. This may result in additional experts to be designated and/or expert reports to be amended or added.

In the filing of this motion, Plaintiffs do not propose nor seek to extend the fact discovery period. Rather, Plaintiffs only seek to avoid the unnecessary designation of expert witnesses and comprehensive reports of those experts on or before January 3, 2006 due to the restrictions that have been imposed upon the Private Action Plaintiffs in this Court's scheduling orders. A practical reading of the Court's March 11, 2004 revised scheduling order would be to only require the *Newby* and *Tittle* Plaintiffs to designate their experts and provide comprehensive reports. As such, Plaintiffs request that this Court not require them to designate experts and/or

---

[2] Although some Defendants have recently filed answers, Plaintiffs have not had an opportunity to propound written discovery to these Defendants.

comprehensive expert reports due to their unique situation that these Plaintiffs find themselves in based upon the restrictions of the Court's orders.

Respectfully submitted,

**FLEMING & ASSOCIATES, L.L.P.**
G. Sean Jez
State Bar No. 00796829
Southern District of Texas Bar No. 20622
George M. Fleming
State Bar No. 07123000
Southern District of Texas Bar No. 3688
1330 Post Oak Boulevard, Suite 3030
Houston, Texas 77056
Telephone (713) 621-7944
Fax (713) 621-9638

By: "s/G. Sean Jez"
G. Sean Jez

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served by sending a copy via electronic mail to serve@ESL3624.com on September 7, 2005.

"s/G. Sean Jez"
G. Sean Jez