IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION, | } } } } | MDL DOCKET NO. 1446 |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | } } } | |
| Plaintiffs, | } } | |
| vs. | } | CIVIL ACTION NO. H-01-3624 |
| ENRON CORPORATION, et al., | } } | |
| Defendants | } } | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | } } } } | |
| Plaintiffs, | } } | |
| vs. | } } | |
| KENNETH L. LAY, et al., | } } | |
| Defendants. | } } | |
| DAVID JOSE, et al., | } } | |
| Plaintiffs, | } } | |
| vs.. | } | CIVIL ACTION NO. H-03-1087 |
| ARTHUR ANDERSEN, LLP, et al., | } } | |
| Defendants. | } } | |
| RICHARD COUCHROUN, et al., | } } | |
| Plaintiffs, | } } | |
| vs | } | CIVIL ACTION NO. H-03-3320 |

-2-

| | | |
|---|---|---|
| ARTHUR ANDERSEN, LLP, et al., | } | |
| Defendants. | } | |
| MARY BAIN PEARSON and JOHN MASON, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5332 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| FRED and MARIANNE ROSEN, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5333 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| HAROLD and FRANCIS AHLICH, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5334 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| RUBEN AND IRENE DELGADO, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5335 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| DON L. GUY, TRUSTEE FOR THE GUY | } | |

-3-

| | | |
|---|---|---|
| FAMILY LIVING TRUST, et al., | } | |
| | } | |
| Plaintiffs, | } | |
| vs. | } | CIVIL ACTION NO. H-04-3330 |
| | } | |
| ARTHUR ANDERSEN, LLP, et al., | } | |
| | } | |
| Defendants. | } | |
| CYNTHIA L. ADAMS, et al., | } | |
| | } | |
| Plaintiffs | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. H-04-3331 |
| | } | |
| ARTHUR ANDERSEN, LLP, et al., | } | |
| | } | |
| Defendants. | } | |
| JANE BULLOCK, et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. H-04-4455 |
| | } | |
| ARTHUR ANDERSEN, LLP, et al., | } | |
| | } | |
| Defendants. | } | |
| UNICREDITO ITALIANO SPA and | } | |
| BANK POLSKA KASA OPIEKI SA, | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. H-04-0324 |
| | } | |
| J. P. MORGAN CHASE BANK, J. P. | } | |
| MORGAN CHASE & CO., J. P. MORGAN | } | |
| SECURITIES INC., CITIBANK, N.A., | } | |
| CITIGROUP, INC. and SOLOMON SMITH | } | |
| BARNEY, INC. | } | |
| | } | |
| Defendants. | } | |
| DK ACQUISITION PARTNERS., L.P., | } | |
| KENSINGTON INTERNATIONAL | } | |
| LIMITED, RUSHMORE CAPITAL — I | } | |

| | |
|---|---|
| L.L.C., RUSHMORE CAPITAL — II, L.L.C. and SPRINGFIELD ASSOCIATES, LLC, } } } | |
| Plaintiffs, } } | |
| vs. } } | CIVIL ACTION NO. H-03-3393 |
| J. P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, J.P. MORGAN SECURITIES INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS, INC., f/k/a Solomon Smith Barney, } } } } } } } | |
| Defendants. } | |
| BAYERISCHE LANDESBANK, STANDARD CHARTERED BANK, DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH, DRESDNER BANK AG, NEW YORK AND GRAND CAYMAN BRANCHES, ARAB BANKING CORPOIRATION (B.S.C.), NEW YORK BRANCH and WESTLB AG, } } } } } } } } } } | |
| Plaintiffs, } } | |
| vs. } } | CIVIL ACTION NO. H-04-2154 |
| JPMORGAN CHASE BANK, J. P. MORGAN SECURITIES, INC., CITIBANK, N.A. and SOLOMON SMITH BARNEY INC., } } } } | |
| Defendants. } | |
| AVENUE CAPITAL MANAGEMENT II, L.P., GRACIE CAPITAL, L.P., HALCYON FUND, L.P., KING STREET CAPITAL, L.P., LONGACRE MASTER FUND, LTD., MAN MAC 3 LIMITED, MARATHON SPECIAL OPPORTUNITY MASTER FUND, LTD., REDWOOD MASTER FUND, LTD., SCOGGIN CAPITAL MANAGEMENT, L.P. II, SCOGGIN INTERNATIONAL FUND, LTD., SCOTTWOOD CAPITAL MANAGEMENT, LC, SPCP GROUP, LLC, STRATEGIC VALUE MASTER FUND, } } } } } } } } } } } } | |

-5-

| | |
|---|---|
| LTD., TRILOGY CAPITAL, LLC, } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-05-3031 |
| } | |
| J. P. MORGAN-CHAISE & CO., JPMORGAN } CHASE BANK, J.P. MORGAN SECURITIES } INC., CITIGROUP INC., CITIBANK, N.A., } and CITIGROUP GLOBAL MARKETS, INC. } f/k/a Solomon Smith Barney, } | |
| } | |
| Defendants. } | |
| YOSEMITE SECURITIES TRUST I et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-05-1191 |
| } | |
| CITIBANK N.A., et al., } | |
| } | |
| Defendants. } | |
| THE VARIABLE ANNUITY LIFE } INSURANCE COMPANY, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-020-2680 |
| } | (Coordinated) |
| CREDIT SUISSE FIRST BOSTON, INC., } et al., } | |
| } | |
| Defendants. } | |
| VANGUARD BALANCED INDEX FUND, } et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-03-5808 |
| } | (Coordinated Case) |
| CITI BANK, N.A., et al., } | |
| } | |
| Defendants. } | |

| | | |
|---|---|---|
| SAMUAL GIANCARLO, Individually and on behalf of all others similarly situated, | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACITON NO. H-03-4359 (Consolidated MDL) |
| UBS FINANCIAL SERVICES, INC., UBS SECURITIES, L.L.C., and UBS AG., | } } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-03-0967 |
| ANDERSEN, LLP, et al., | } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-02-0299 |
| J. P. MORGAN CHASE & COMPANY, | } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-02-0463 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | } } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE | } | |

COMPANY, et al.,                                }
                                                }
                Plaintiffs,     }
                                                }
vs.                                             }    CIVIL ACTION NO. G-02-0723
                                                }
CITIGROUP, INC., et al.,                        }
                                                }
                Defendants.     }
────────────────────────────────────────────────
AMERICAN NATIONAL INSURANCE                     }
COMPANY, et al.,                                }
                                                }
                Plaintiffs,     }
                                                }
vs.                                             }    CIVIL ACTION NO. G-03-0481
                                                }
ROYAL BANK OF CANADA,                           }
                                                }
                Defendant.      }
────────────────────────────────────────────────
AMERICAN NATIONAL INSURANCE                     }
COMPANY, et al.,                                }
                                                }
                Plaintiffs,     }
                                                }
vs.                                             }    CIVIL ACTION NO. G-05-0221
                                                }
CANADIAN IMERIAL BANK OF                        }
COMMERCE, et al.,                               }
                                                }
                Defendants.     }
────────────────────────────────────────────────
WESTBORO PROPERTIES, L.L.C., and                }
STONEHURTS CAPITAL, INC.,                       }
                                                }
                Plaintiffs,     }
                                                }
vs.                                             }    CIVIL ACTION NO. H-03-1276
                                                }
CREDIT SUISSE FIRST BOSTON, INC.,               }
 et al.,                                      }
                                                }
                Defendants.     }
────────────────────────────────────────────────
WESTBORO PROPERTIES, L.L.C., and                }
STONEHURST CAPITAL, INC.,                       }

|  |  |
|---|---|
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-05-1165 |
| } | |
| CANADIAN IMPERIAL BANK OF } | |
| COMMERCE, et al., } | |
| } | |
| Defendants. } | |
| RAVENSWOOD CAPITAL - I, L.L.C,, } | |
| RAVENSWOOD CAPITAL - II, L.L.C. and } | |
| WHITEWOOD HOLDINGS, L.L.C., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-04-4520 |
| } | |
| CITIGROUP, INC., et al., } | |
| } | |
| Defendants. } | |
| RAVENSWOOD CAPITAL - I, L.L.C,, } | |
| RAVENSWOOD CAPITAL - II, L.L.C. and } | |
| WHITEWOOD HOLDINGS, L.L.C., } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-05-1164 |
| } | |
| CANADIAN IMPERIAL BANK OF } | |
| COMMERCE, et al., } | |
| } | |
| Defendants. } | |
| CALIFORNIA PUBLIC EMPLOYEES } | |
| RETIREMENT SYSTEM, } | |
| } | |
| Plaintiffs, } | |
| } | |
| vs. } | CIVIL ACTION NO. H-03-3481 |
| } | |
| BANC OF AMERICAN SECURITIES LLC, } | |
| et al., } | |
| } | |
| Defendants. } | |

| | |
|---|---|
| SILVERCREEK MANAGEMENT INC.; } <br> SILVERCREEK LIMITED PARTNERSHIP; } <br> SILVERCREEK II LIMITED; OIP LIMITED } <br> and PEBBLE LIMITED PARTNERSHIP, } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> CITIGROUP, INC., } <br> } <br> Defendant. } | CIVIL ACTION NO. H-03-0815 <br> (Coordinated) |
| KEVIN LAMPKIN, JANICE SCHUETTE, } <br> ROBERT FERRELL and STEPHEN MILLER, } <br> individually and on behalf of all others } <br> similarly situated } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> UBS PAINWEBBER, INC. and UBS } <br> WARBURG, LLC., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-02-0851 |
| PUBLIC EMPLOYEES RETIREMENT } <br> SYSTEM OF OHIO, et al., } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> ANDREW S. FASTOW, et al., } <br> et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-02-4788 |
| PAMELA M. TITTLE, et al., } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> ENRON CORP., et al., } | CIVIL ACTION NO. H-01-3913 |

|  |  |
|---|---|
| Defendants. } | |
| } | |
| PIRELLI ARMSTRONG TIRE } <br> CORPORATION RETIREE MEDICAL } <br> BENEFITS TRUST, } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> KENNETH L. LAY, et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-01-3645 |
| OFFICIAL COMMITTEE OF UNSECURED } <br> CREDITORS OF ENRON CORP., } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> ANDREW S. FASTOW, MICHAEL J. } <br> COPPER, BEN GLISAN, JR., RICHARD B. } <br> BUY, RICHARD A. CAUSEY, JEFFREY K. } <br> SKILLING, KENNETH L. LAY, KEFFREY } <br> McMAHON, JAMES V. DERRICK, JR., } <br> KRISTINA M. MORDAUNT, KATHY } <br> LYNN, ANNE YEAGER-PATEL, ARTHUR } <br> ANDERSEN, LLP, and CARL FASTOW, AS } <br> ADMINISTRATOR OF THE FASTOW } <br> FAMILY FOUNDATION, } <br> } <br> Defendants. } | CIVIL ACTION NO. H-04-0091 |
| ELAINE L. CHAO, SECRETARY OF THE } <br> UNITED STATES DEPARTMENT OF } <br> LABOR, } <br> Plaintiff, } <br> } <br> vs. } <br> } <br> ENRON CORP., et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-03-2257 <br> (Consolidated with H-01-3913) |

**ORDER AMENDING EXPERT DISCOVERY SCHEDULE IN THE CASES**

**COORDINATED AND CONSOLIDATED *WITH NEWBY* AND *TITTLE***

The Court having granted F&A Plaintiffs' Motion for Clarification of hte Court's Scheduling Order as it Pertains to Private Action Plaintiffs (Instrument No. 3888 in *Newby*) and considered the Bank Defendants' Motion with Respect to Expert Discovery in All Cases Consolidated or Coordinated with *Newby* or *Tittle*, together with all responses to both motions, it is hereby

**ORDERED** that the March 12, 2004 Scheduling Order is hereby amended to hold:

1. *Newby* and *Tittle* Plaintiffs' expert witnesses named and reports of their opinions furnished by Tuesday, January 3, 2006.

2. *Newby* and *Tittle* Defendants' expert witnesses named and reports of their opinions furnished by Tuesday, February 21, 2006,

3. *Newby* and *Tittle* Plaintiffs' rebuttal expert witnesses named and their opinion reports furnished by Friday, March 17, 2006.

4. Expert discovery in *Newby* and *Tittle* completed by Friday, April 14, 2006.

5. Identification of experts, production of reports and expert deposition discovery in the consolidated, related and coordinated cases not currently proceeding under the controlling *Newby* and *Tittle* consolidated complaints, including the cases consolidated under *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Kenneth L. Lay, et al.*,[1] (the "Coordinated Cases" or a "Coordinated or Consolidated Case") shall not be governed by the

---

[1] Civil Action No. H-01-3645 (United States District court for the Southern District of Texas-Houston Division). The other cases consolidated under *Pirelli* are: *Detectives Endowment Association Annuity Fund, derivatively on behalf of Enron Corporation v. Kenneth Lay, et al.*, No. H-02-3892; *Joseph E. Kassoway, Trustee of the Joseph E. Kassoway and Robert T. Kassoway Trust v. Andrew S. Fastow, et al.*, No. H-01-3690; *Fred Greenberg Derivatively on behalf of Enron Corp. v. Robert A. Belfer, et al.*, No. H-01-3998; *Lynn Goffman, et al. v. Robert A. Belfer, et al.*, No. H-02-1838; *David Trzebucki, et al., v. Andrew S. Fastow, et al.*, No. H-02-1832; *Rick Barsky v. Arthur Andersen LLP, et al.*, No. H-02-1922; and *Richard P. Bergsieker v. Kenneth L. Lay, et al.*, No. H-02-3427.

schedule set forth in paragraphs 1-4, and instead shall be governed by the schedule set forth in paragraphs 6-9.

6. Coordinated and Consolidated Cases Plaintiff's expert witnesses named and reports of their opinions furnished by June 1, 2006 (the "Start of Expert Discovery in the Coordinated and Consolidated Cases"). At the time of identification, the sponsoring party must indicate the specific coordinated or Consolidated Case(s) in which the expert will appear.

7. Coordinated and Consolidated Cases Defendants' expert witnesses named and reports of their opinions furnished 45 days after the Start of Expert Discovery in the Coordinated and Consolidated Cases. At the time of identification, the sponsoring party must indicate the specific Coordinated or Consolidated Case(s) in which the expert will appear.

8. Coordinated and Consolidated Cases Plaintiffs' rebuttal expert witnesses named and opinions furnished 75 days after the Start of Expert Discvoery in the Coordinated and Consolidated Cases. At the time of identification, the sponsoring party must indicate the specific Coordinated or Consolidated Case(s) in which the expert will appear.

9. Expert discovery in the Coordinated and Consolidated Cases completed 135 days after the Start of Expert Discovery in the Coordinated and Consolidated Caes.

10. Although this Order provides for separate expert discovery schedules for (a) *Newby* or *Tittle*, and (b) the Coordinated and Consolidated cases, any individual or entity that is a named party in both (a) *Newby* or *Tittle*, and (b) one or more of the Coordinated and Consolidated Cases may, in its discretion, elect to present an expert designated for *Newby* or *Tittle* as an expert who may also appear at a trial of one or more of the Coordinated and Consolidated Cases. Any expert so designated will be identified, produce his or her report and be deposed during the course of the *Newby*/*Title* expert discovery schedule outlined above in paragraphs 1-4. Designation of an individual as an expert in either *Newby* or *Tittle*, and one or more of the

Coordinated and Consolidated Cases may be made in writing (with specific Coordinated or Consolidated Case(s) identified) at the time the expert's identity is first disclosed and report is provided pursuant to paragraphs 1-3 above. Where such designation procedure is followed, parties to the identified Coordinated and Consolidated Cases (even if not parties in *Newby* or *Tittle*) shall be invited to participate in the depositions of these designated experts and, except as provided for below in paragarph 11, these experts shall not be required to sit for a second deposition.

11. Any expert who has been identified, produced a report, been deposed during the time period outlined in paragraphs 1-4 of the Order and properly designated as a Coordinated and Consolidated Case expert pursuant to paragraph 10 may appear in the so designated Coordinated or Consolidated Case(s) and may, in the discretion of the sponsoring party, produce a supplemental report during the time period identified in paragraphs 6-9 of this Order that relates to the specific Coordinated and Consolidated Case(s) in which the expert will appear. If an expert produces a supplemental report, he or she shall be made available to sit for a supplemental deposition in the applicable Coordinated and Consolidated Case(s) limited to new matters covered by the supplemental report.

12. A party may later designate an expert identified with *Newby* or *Tittle* for one or more of the Coordinated and Consolidated Cases — even if that expert was not identified at the time of *Newby/Tittle* initial disclosure as a Coordinated and Consolidated Case expert (as outlined in paragraph 10) — by making such designation consistent with the time periods outlined in paragraphs 6-9. In such circumstances that expert will be subject to a second deposition by the parties to the relevant Coordinated and Consolidated Cases.

13. It is the intent of this Order that wherever possible each expert only be deposed one time and, if deposed for a second time as provided for in the limited circumstances outlined in paragraph 11 and 12, for as short a time period as is reasonable. Absent extraordinary

circumstances and an Order of the Court, no expert shall be deposed more than twice — once during the expert discovery period outlined in paragraphs 1-4, and, if applicable under paragraphs 11 and 12, once during the Coordinated and Consolidated cases discovery period outlined in paragraphs 6-9.

14. Nothing in this Order shall preclude the parties from seeking further modification of the expert discovery schedule following the Court's ruling on the *Newby* or *Tittle* class certification motions or at any other time as circumstances warrant.

**SIGNED** at Houston, Texas, this 7th day of November, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE