

United States Courts
Southern District of Texas
FILED

DEC 1 - 2005

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § § § § | MDL Docket No. 1446<br><br>Civil Action No. H-01-3624<br>**(Consolidated)**<br><br>CLASS ACTION |
| This Document Relates To:<br><br>MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>vs.<br><br>ENRON CORP., et al.,<br><br>                                        Defendants. | | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br>vs.<br>KENNETH L. LAY, et al.,<br><br>                                        Defendants. | § § § § § § § § § § | |

[Caption continued on next page]

**BANK DEFENDANTS' SIXTH QUARTERLY REPORT
TO THE COURTS ON THE PROGRESS OF THE DEPOSITION PROCESS**

| | | |
|---|---|---|
| PAMELA M. TITTLE, et al., | § § § | Civil Action No. H-01-3913 |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants, | § § § § | |
| | § | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP., | § § § § | Civil Action No. H-04-0091 |
| Plaintiffs, | § § | |
| vs. | § § | |
| ANDREW S. FASTOW, MICHAEL J. KOPPER, BEN GLISAN, JR., RICHARD B. BUY, RICHARD A. CAUSEY, JEFFREY K. SKILLING, KENNETH L. LAY, JEFFREY McMAHON, JAMES V. DERRICK, JR., KRISTINA M. MORDAUNT, KATHY LYNN, ANNE YAEGER-PATEL, ARTHUR ANDERSEN, LLP, AND CARL FASTOW, AS ADMINISTRATOR OF THE FASTOW FAMILY FOUNDATION, | § § § § § § § § § § § | |
| Defendants. | § § | |

[Caption continued on next page]

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, | § § § § | Civil Action No. H-03-2257 (Consolidated with H-01-3913) |
| Plaintiff, vs. | § § § | |
| ENRON CORP., et al., | § § § | |
| Defendants. | § § § | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ENRON CORP., et al. Debtors. | Chapter 11 No. 01-16034(AJG) Jointly Administered |
| ENRON CORP., et al. Plaintiffs, v. CITIGROUP INC., et al. Defendants. | Adversary Proceeding No. 03-09266 (AJG) |

Pursuant to Section XIII of the Deposition Protocol Order, entered March 11, 2004, and as amended from time to time ("DPO"), the Bank Defendant Members of the Deposition Scheduling Committee ("DSC") respectfully submit this sixth quarterly report on the progress of the coordinated deposition process in the above-captioned actions.

## STATUS REPORT

The eighteen-month fact deposition program is now over with the limited exceptions of (i) the depositions that are scheduled to take place during the so-called extended deposition period as contemplated by Paragraph 4 of the Amended Order with Respect to Depositions Subject to Stays and Fifth Amendment Assertions, dated August 1, 2005, (ii) any depositions that have to be taken pursuant to the Order Regarding Presumptive Document Authenticity and Presumptive Business Records Per Rule 803(6) F.R.E., dated November 14, 2005, and (iii) specific depositions that have been postponed to a later date by Court order because of particular extenuating circumstances.

While this is an important milestone, it is fair to say that the Deposition Protocol Order ("DPO") did not work as the Bank Defendants had envisioned. Some of the issues are chronicled in past status reports, including parties routinely over-designating time, certain parties delaying in producing their witnesses and/or their documents, a witness backlog exacerbated by the DPO's limits of five Category One depositions per day and one extended-time witness deposition per day, former Enron employees rarely being made available for deposition at all, late invocations of the Fifth Amendment and a number of witnesses not being available to be deposed because the government moved to stay those depositions due to the Enron Broadband criminal trial or the Causey/Lay/Skilling criminal trial.

The Bank Defendants and other parties responded to those various problems by working through the Deposition Scheduling Committee ("DSC") and by proposing certain amendments to the DPO and/or DSC procedures, certain of which were

eventually adopted in some form. For example, the Courts ordered that parties be permitted to subpoena witnesses who did not voluntarily appear for depositions within certain time frames; the Courts ordered the addition of a second extended-time witness slot per day; the Courts ordered the extended deposition period for after the close of evidence in the Causey/Lay/Skilling criminal trial during which depositions may be taken of witnesses whose depositions were stayed because of the criminal trials or who invoked their Fifth Amendment rights but wish to recant; and the DSC adopted procedures for making substantial time cuts for a significant number of witnesses as well as more detailed rules for subpoenaing witnesses pursuant to the Courts' prior order granting the parties subpoena power. The Bank Defendants also worked closely with several parties in drafting the Order Regarding Presumptive Document Authenticity and Presumptive Business Records Per Rule 803(6) F.R.E. that was recently entered by the Courts. All of those new procedures became essential components in the parties' efforts to complete the fact deposition program on time.

Notwithstanding those important reforms, past problems could not be fully compensated for and certain problems were never overcome. For example, the DPO provides that, within five days of receiving notice that their deposition has been scheduled, witnesses must send the parties written notice as to whether they intend to assert their Fifth Amendment rights. (DPO § XIV.) Despite that provision, numerous former Enron employees indicated their intent to invoke their Fifth Amendment rights long after their deposition had been scheduled and just days before the deposition itself, making it practically impossible to fill that slot with another witness (particularly after the DSC imposed a rule requiring that the DSC be given twenty-one days advanced

notice of the scheduling of Category One depositions so that parties had adequate time to prepare). Almost eighty current or former Enron employees invoked or indicated an intent to invoke their Fifth Amendment rights. Although such invocations decreased the number of deposition days that had to be scheduled, late invocations of Fifth Amendment rights were a recurring problem that was never solved and that prevented the Bank Defendants and other parties from deposing replacement witnesses. Indeed, this problem and others (including the late production of witnesses and/or documents by certain parties) prevented the Bank Defendants from using anywhere near the 360 days of deposition time allotted to them under the DPO or from taking the depositions of many witnesses whom the Banks nominated. In response, the Banks prioritized their witnesses and took as many depositions as they could in the time they had.

There are, however, a few items of unfinished business that remain from the fact discovery period that must be separately addressed. First, Andrews Kurth LLP was subject to the Private Securities Litigation Reform Act stay until September 12, 2005 -- just over two months before the November 30, 2005 fact discovery deadline -- when the Court granted Andrews Kurth's motion to dismiss. Although the Bank Defendants promptly served on Andrews Kurth document requests, it was clear that the parties would not have time to review the documents that Andrews Kurth produces and to depose Andrews & Kurth witnesses before November 30, 2005. Accordingly, the Bank Defendants proposed to the DSC that fact discovery as to Andrews Kurth be extended for 120 days and have filed a motion (Docket No. seeking such relief.

Second, as the Courts are aware, the Bank Defendants have collectively -- and, in some cases, individually -- produced millions of pages of documents, responded

to hundreds of interrogatories and requests for admission, and made scores of witnesses available for deposition. The Bank Defendants have more than met their discovery obligations. The same cannot be said of all other parties. In particular, the Bank Defendants have been forced to file several motions to compel in recent months against various of the private action plaintiffs for failing to meet their discovery obligations. For example, one or more banks recently filed motions to compel depositions and/or further discovery responses in Aksamit, et al. v. UBS Painewebber, Inc., et al., Civ. A. No. H-04-3581 (Docket No. 62); Vanguard Balanced Index Fund, et al. v. Citibank, N.A., et al., Civ. A. No. H-03-5808 (Docket No. 33); Public Employees Retirement Systems of Ohio, et al v. Fastow, et al., Civ. A. No. H-02-4788 (Docket No. 35); Connecticut Resources Recovery Authority ("CRRA") v. Lay, et al., Civ. A. Nos. H-03-1558, H-03-1579; Town of New Hartford, et al. v. Lay, et al., Civ. A. No. H-04-2963 (Docket Nos. 46 and 51); Delgado, et al. v. Fastow, et al., Civ. A. No. H-03-5335 (Docket Nos. 41 and 42), Ahlich, et al. v. Fastow, et al., Civ. A. No. 03-5334 (Docket Nos. 41 and 43), Bullock, et al. v. Arthur Andersen, LLP, et al., Civ. A. No. H-04-4455 (Docket No. 50), Rosen, et al. v. Fastow, et al., Civ. A. No. H-03-5333 (Docket Nos. 43 and 44), Pearson, et al. v. Fastow, et al., Civ. A. No. H-03-5332 (Docket Nos. 38 and 39), Chocroun, et al. v. Arthur Andersen, L.L.P., et al., Civ. A. No. H-03-3320 (Docket No. 121) (collectively, the "Fleming Cases"); D.K. Acquisition Partners, L.P., et al. v. JPMorgan Chase & Co., et al., Civ. A. No. H-03-3393 (Docket No. 118); Avenue Capital Management II, L.P., et al. v. JPMorgan Chase & Co., et al., Civ. A. No. H-05-3031 (Docket No. 31); and Okomo v. Banc of America Securities LLC, et al., Civ. A. No. H-03-03508 (Docket No. 21). The motions in CRRA and New Hartford were withdrawn after additional negotiations. The

motions to compel in the <u>Ohio</u> case, the Fleming Cases, the <u>Aksamit</u> case and the <u>Vanguard</u> case were granted. The motions in <u>D.K. Acquisition</u>, <u>Avenue</u> and <u>Okomo</u> are pending.

      Third, several parties recently filed or have indicated an intent to file unopposed motions seeking extensions of time in which to respond to certain written discovery propounded by one or more of the Bank Defendants. The Bank Defendants will review those responses once they are served to determine whether any additional follow-up (including, as a last resort, motions to compel) is required. As always, the Bank Defendants will seek to resolve any such disputes through negotiation and compromise before bringing any of these matters to the Courts' attention.

December 1, 2005

                Respectfully submitted,

                The Bank Defendant Members of the
                Deposition Scheduling Committee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on counsel electronically via the www.esl3624.com website pursuant to the United States District Court's order in Civil Action No. H-01-3624, *Newby v. Enron Corp. et al.* (Consolidated) on this 1st day of December 2005.

Odean L. Volker